SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH ROGERS, ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
|     v. ) | Civil Action No.  11-0511 (RLW) |
| ) | |
| ) | |
| RICHARD IVES, ) | |
| ) | |
|     Respondent. ) | |

## **MEMORANDUM OPINION**[1]

In this action for a writ of habeas corpus brought *pro se*, petitioner claims that he was denied the effective assistance of counsel on direct appeal from his conviction in the Superior Court of the District of Columbia.  *See* Pet. for a Writ of Habeas Corpus ("Pet.") at 3-6 [Dkt. # 1].  The United States moves to dismiss the petition as time-barred and as lacking any merit.  United States' Mot. to Dismiss Pet'r's *Pro Se* Pet. for Writ of Habeas Corpus ("Resp't's Mot.") at 1-2 [Dkt. # 26].  Upon consideration of the parties' submissions, the Court finds that federal court review of petitioner's habeas claim is foreclosed by the independent and adequate state

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the res judicata, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf*. Fed. R. App. P. 32.1.  Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

ground doctrine discussed below. It therefore will grant the United States' motion to dismiss, albeit for reasons different from those asserted in the motion.

## BACKGROUND

The relevant facts are as follows. In March 1992, a Superior Court jury convicted petitioner of premeditated murder while armed and related offenses. Pet. at 2; Gov't's Ex. 2 ("Motion to Vacate Sentence") [Dkt. # 26-2]. Petitioner is serving a prison sentence of 30 years to life. Pet. at 2. Petitioner has unsuccessfully challenged his conviction on direct appeal, in collateral proceedings under D.C. Code § 23-110, and in one habeas petition in this Court. *See* Resp't's Mot. at 2, n.2 (noting that "[t]his [action] represents petitioner's thirteenth post-conviction filing"); *Rogers v. Hastings*, Civ. Action No. 05-1537 (D.D.C. July 29, 2005) (dismissing habeas action with prejudice); *Rogers v. Hastings*, No. 05-5317 (D.C. Cir. Mar. 7, 2006) (denying request for a certificate of appealability since "[a]ppellant may not challenge his District of Columbia conviction in federal court unless his remedy under D.C. Code § 23-110(g) is inadequate or ineffective to test the legality of his detention"). Notably, on February 15, 1995, the District of Columbia Court of Appeals ("DCCA") consolidated petitioner's direct appeal and appeal from the denial of his first § 23-110 motion, Resp't's Mot., Ex. 7 [Dkt. # 26-7], and affirmed petitioner's conviction in a Memorandum Opinion and Judgment issued on January 6, 1999. *Id.*, Ex. 8 [Dkt. # 26-8].

On November 9, 2011, during the course of this action filed on March 10, 2011, petitioner filed a motion in the DCCA to recall the mandate issued some 12 years earlier. *Id.* at 15-16; Mot. to Amend the Original Pet. for a Writ of Habeas Corpus, Ex. A ("Mot. to Recall the Mandate Pursuant to District of Columbia App. Rule 41(c)") [Dkt. # 16] (hereafter "Recall Mot."); *see* D.C. App. R. 41(b) ("The court's mandate will issue 7 calendar days after the time to

file a petition for rehearing expires . . . .") The DCCA summarily denied petitioner's recall motion on November 18, 2011, as "untimely filed." Supplemental/Amendment Original Pet. for a Writ of Habeas Corpus, Ex. A (*Rogers v. United States*, Nos. 92-CF-678, 94-CO-1120 & 96-CO-865 (D.C. Nov. 18, 2011) [Dkt. # 17] (hereafter "Order").

## DISCUSSION

Under the independent and adequate state ground doctrine, "[a] federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.' " *Walker v. Martin*, --- U.S. ---, 131 S.Ct. 1120, 1127 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, ---, 130 S.Ct. 612, 615 (2009)). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Id*. (citation omitted). "When [as here] a state court declines to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement, that judgment rests on independent and adequate state grounds, and federal habeas review of the prisoner's claim ordinarily is precluded." *Jones v. Holt*, Civ. Action No. 10-1086, ___ F. Supp. 2d ___, 2012 WL 4466512, at *3 (D.D.C. Sept. 28, 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991)) (other citation omitted). However, when a state court's ruling is not explicit and "fairly appears to rest primarily on federal law or [is] interwoven with the federal law," federal review is not precluded. *Coleman*, 501 U.S. at 735.

Under longstanding District of Columbia procedure, "[a]ny motion to recall the mandate must be filed within 180 days from issuance of the mandate." D.C. App. R. 41(f). At the time petitioner's conviction became final in 1999, the rule stated that "no motion to recall a mandate based on the asserted failure of counsel to represent the appellant effectively on appeal shall be

Case 1:11-cv-00511-RLW   Document 33   Filed 12/13/12   Page 4 of 5

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

considered by the court unless the motion is filed within 180 days from the issuance of the mandate." *Watson v. United States*, 536 A.2d 1056, 1059 (D.C. 1987) (quoting Rule 41(c) "which became effective on January 1, 1985").

Petitioner admitted to the DCCA "that the time line had expired to recall the mandate" and argued for equitable tolling due to his appellate counsel's alleged ineffectiveness. Recall Mot. at 3-4. Despite his argument, the DCCA summarily denied petitioner's recall motion as untimely under "D.C. App. R. 41(f) and *Watson v. United States*, 536 A.2d 1056 (D.C. 1987)." Order. It is unclear why the DCCA cited *Watson* since it had reached the merits of Watson's ineffective assistance claim. Nevertheless, the circumstances of this case do not present "good reason to question" whether the DCCA's denial of petitioner's recall motion rested on a procedural ground or on the merits. *Jones*, 2012 WL 4466512, at *4; *see id*. (addressing "considerations suggest[ing] that the [DCCA], as likely as not, overlooked the untimeliness of Mr. Jones' motion and simply determined that his claims lacked merit."). Unlike in *Jones* where "[t]he court of appeals [had] provided no indication that it denied Mr. Jones' motion based on Rule 41(f)," *id*., the DCCA explicitly denied this petitioner's recall motion as untimely filed under Rule 41(f) without any elaboration. In doing so, the DCCA tacitly rejected petitioner's argument for equitable tolling and declined his invitation to reach the merits of the ineffective assistance claim. Since the DCCA's denial of petitioner's recall motion was based on an independent and adequate state ground mandated by an established procedural rule, this Court's review of petitioner's ineffective assistance claim is precluded.

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

## CONCLUSION

For the foregoing reasons, the United States' motion to dismiss will be granted and the petition for a writ of habeas corpus necessarily will be denied. A separate order accompanies this Memorandum Opinion.

_____
ROBERT L. WILKINS
United States District Judge

Date: December 13, 2012