SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEITH ROGERS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No.  11-0511 (RLW) |
| ) | |
| ) | |
| RICHARD IVES, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM OPINION AND ORDER[1]

On December 13, 2012, the Court denied petitioner's application for a writ of habeas corpus and dismissed this action.  Order [Dkt. # 34]; *see* Mem. Op. [Dkt. # 33] (applying independent and adequate state ground doctrine).  Petitioner moved pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration on December 26, 2012 [Dkt. # 35], and noticed his appeal on January 22, 2013 [Dkt. # 36].  The United States Court of Appeals for the District of Columbia Circuit is holding petitioner's appeal in abeyance pending this Court's resolution of petitioner's motion for reconsideration and its "issuance of either a certificate of appealability or [a] statement why a certificate should not issue."  Order, No. 13-5027 (D.C. Cir. Feb. 1, 2013)

---

[1]  This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the res judicata, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf*. Fed. R. App. P. 32.1.  Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

[Dkt. # 38]. The government has filed an opposition to both petitioner's motion for reconsideration and the issuance of a certificate of appealability ("COA") [Dkt. # 42], and petitioner has filed a reply [Dkt. # 45]. Upon consideration of the parties' submissions, the Court will deny petitioner's motion for reconsideration and explain why a COA is not warranted.

Petitioner's Motion for Reconsideration

Rule 59(e) permits the filing of a motion to alter or amend a judgment. Such motions are disfavored, "and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F .3d 1053, 1057 (D.C. Cir. 1998)). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996)). A Rule 59 motion is not a means by which to "reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

Petitioner sought habeas relief on the ground that he was denied the effective assistance of counsel on direct appeal from his conviction in the Superior Court of the District of Columbia. Mem. Op. at 1. This Court denied the petition because the District of Columbia Court of Appeals ("DCCA") had denied petitioner's gateway petition to federal court review -- a motion to recall the mandate -- on the ground that it was untimely filed under District of Columbia law.[2] Hence, petitioner's ineffective assistance claim was not considered on the merits. *See id*. at 3-4.

---

[2] *See Williams v. Martinez*, 586 F.3d 995, 999 (D.C. Cir. 2009) (determining that federal court review of a D.C. Code offender's "federal habeas petition asserting ineffective assistance of appellate counsel [is available] after the prisoner [has] moved to recall the mandate in the D.C. Court of Appeals").

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

Petitioner seeks reconsideration based on *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), decided March 20, 2012. In *Martinez*, the Supreme Court recognized "a narrow exception" to the "doctrine barring procedurally defaulted claims," *id*. at 1315-16, on which the instant petition was decided. *See* Mem. Op. at 3. Specifically, the Supreme Court addressed "whether a federal habeas court may excuse a procedural default of an ineffective-assistance claim when the claim was not properly presented in state court due to an attorney's errors *in an initial-review collateral proceeding*." *Id*. at 1315 (emphasis added). The Court, considering Arizona law, held:

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id*. at 1320. *Martinez* is inapplicable because (1) this action constitutes petitioner's "thirteenth [as opposed to first] post-conviction filing," Mem. Op. at 2, quoting Res'p't's Mot. at 2, n.2, and (2) petitioner is challenging the effectiveness of his appellate counsel, not his trial counsel. *See Baisey v. Stansberry*, No. 10-0352, 2013 WL 360024 at *2 (D.D.C. Jan. 30, 2012) ("By its terms, . . . *Martinez* does not apply [to] a claim of ineffective assistance of *appellate* counsel.") (emphasis in original) (citation omitted); *see also Trevino v. Thaler*, 133 S.Ct. 1911, 1918 (2013) (under *Martinez*, procedural default is excusable where, *inter alia*, "the state collateral review proceeding was the 'initial' review proceeding in respect to the 'ineffective-assistance-of-trial-counsel claim' ") (quoting *Martinez*, 132 S.Ct. at 1318-21). Hence, the Court will deny petitioner's Rule 59(e) motion for reconsideration.

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

Certificate of Appealability

A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" includes "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). If the certificate is granted, the court must specify which issues raise a substantial showing. *United States v. Weaver*, 195 F.3d 52, 53 (D.C. Cir. 1999).

When, as here, a habeas petition is denied "on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. However, "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Id*. The Court finds no reasonably debatable question surrounding its invocation of the DCCA's procedural bar to petitioner's recall motion to dispose of this case.

In addition, the Court finds that reasonable jurists could not debate the insufficiency of the petition in stating a claim of ineffective assistance of appellate counsel ("IAAC"). In a section of the petition captioned "Reasons for Granting the Writ," petitioner faults Mark Rochon, the attorney he retained to file a direct appeal, a motion for a new trial, and a motion under D.C. Code § 23-110 for collateral review, for (1) delegating the filing of the § 23-110 motion in

4

March 1994 to his law partner, W. Gary Kohlman, and (2) failing to inform petitioner that the § 23-110 motion was denied on July 6, 1994. Pet. at 3-4 & Exs. A, B. In the instant petition filed on March 10, 2011, petitioner states that he "recently found out" about Kohlman's representation, Pet. at 2, and contends that Rochon's failure to notify him of Kohlman's representation and the decision denying the § 23-110 motion caused the 17-year delay in filing his motion to recall the mandate in the DCCA. *See id*. at 3-4. This alleged misconduct, even if true, does not trigger an inquiry about appellate counsel's performance because it does not involve actions taken during petitioner's direct appeal.[3] *See Smith v. Robbins*, 528 U.S. 259, 285-86 (2000) (IAAC claim requires showing that appellate counsel's representation fell below an objective standard of reasonableness and but for counsel's deficient performance, the outcome of the appeal would have been different).

Besides, in its motion to dismiss the habeas petition, the government pointed to documents in the instant record that cast doubt on petitioner's claimed ignorance, including the "numerous filings [that] make reference to the fact that the petitioner's first § 23-110 motion was denied [in 1994] and an appeal taken on the denial." United States' Mot. to Dismiss Pet'r's Pro Se Pet. for Writ of Habeas Corpus [Dkt. # 26] at 30. The government reasonably surmises that petitioner knew or should have known about Kohlman's representation well before filing this action in 2011 since Kohlman signed "several preliminary pleadings" in the 1994 post-

---

[3] In its motion to dismiss, the government addresses petitioner's allegations of counsel's performance during the direct appeal that were included in the motion papers before the DCCA but not in the petition before this Court. *See* Resp't's Mot. to Dismiss at 28; *cf*. Pet., Mot. to Amend the Original Pet. for a Writ of Hab. Corpus [Dkt. # 16]; Supplemental/ Amendment Orig. Pet. For a Writ of Habeas Corpus [Dkt. # 17]. Nevertheless, the Court agrees with the government that each allegation lacks merit and is contradicted by the record. *See* Resp't's Mot. to Dismiss at 30-42.

Case 1:11-cv-00511   Document 46   Filed 06/24/13   Page 6 of 6

SUMMARY MEMORANDUM AND OPINION;
NOT INTENDED FOR PUBLICATION IN THE OFFICIAL REPORTERS.

conviction proceedings, his name "appears on numerous [related] documents," and Rochon's notice of appearance lists his firm's name as "Kohlman, Rochon, and Roberts." *Id*. at 30-31.

Accordingly, it is this 24th day of June 2013,

ORDERED that petitioner's motion for reconsideration [Dkt. # 35] is DENIED, and a Certificate of Appealablity is not warranted. The Clerk shall transmit this order immediately to the appellate court.

_____
ROBERT L. WILKINS
United States District Judge